NICHOLES et Admr., v. WILLIAMS et.

Ohio Appeals, 4th Dist., Washington Co.

Decided Oct. 29, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

DECEDENTS' ESTATES.

(220 D) Purchase of property by widow, with funds which are proceeds of property which belonged to deceased husband, does not, upon death of widow intestate and without issue, give nephews and nieces of deceased husband claim upon property so purchased.

Charles D. Fogle, Marietta, for Nicholes.

Mary G. McMahon, Columbus, for Williams et.

HISTORY:—Action in Common Pleas by Nicholes et al., Administrators of estate of Elizabeth O'Connor against Williams, et al., for protection of court in making distribution of estate. Heard on appeal. Findings of Common Pleas approved. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

Patrick O'Connor died intestate in 1877 without issue and survived by his widow, Elizabeth A. O'Connor. Mrs. O'Connor died in 1925, intestate and without issue. Her next of kin were certain nieces and nephews. There were also living at her death certain nieces and nephews of her predeceased husband Patrick. The administrators of Elizabeth filed their petition in the Common Pleas asking for the protection of the court in making distribution of Elizabeth's estate, and from the decree of that court an appeal was taken to this court.

The question here is as between the nephews of Patrick O'Connor and those of Elizabeth A. O'Connor. The property in question involved the proceeds of the sale of the personal estate of Elizabeth A. O'Connor, and all this personal property was acquired by Elizabeth by purchase and consisted of securities purchased many years after the death of her husband but with the proceeds of the sale of property inherited by her from her husband. The nephews and, nieces of Patrick O'Connor claim that because the personal property of which Elizabeth died possessed was purchased by her from the proceeds of property which had originally belonged to Patrick that they are entitled to one-half thereof by virtue of Section 8577 G. C.

MAUCK, J.

The question, however, has been definitely determined contrary to this contention by two cases recently decided by the Supreme Court. Guear v. Stechschulte, to be reported in 118 O. S. 1, now found in Ohio Bar for July 10, 1928, and Wilson v. Eccles, 119 O. S. 184, now to be found in Ohio Bar of October 11, 1928. It has been insisted that the Supreme Court was wrong in the decisions referred to and that this court might refuse to follow the Supreme Court, thus inviting a reconsideration of the question. It sometimes appears necessary for courts to overrule their own decisions. It would be disastrous, however, for courts of lesser dignity to refuse to follow the plain opinion of the Supreme Court. Such a course leads to judicial anarchy. We would not do this if we had the temerity to believe that the Supreme Court had erred. We are not, however, troubled even to that extent in the instant case because we are convinced of the soundness of the holding in the cases referred to and would so hold if we had not the guidance afforded by those opinions.

The same decree will be entered here as was entered in the Court of Common Pleas.

(Middleton, P. J., and Thomas, J., concur.)